UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JASON BROWN,                        X : | |
|     Plaintiff,                     : | |
| : | No. 14-cv- 4618 |
| vs.                                 : | |
| : | MOTION TO DISMISS |
| TRANS UNION, LLC, d/b/a TRANS UNION : | PURSUANT TO Fed. R. Civ. P. |
| BACKGROUND DATA SOLUTIONS and       : | 12(b)(6) |
| RENTRGROW, INC., d/b/a YARDI RESIDENT : | |
| SCREENING,                          : | |
| : | |
|     Defendants.                   : | |

---

### DEFENDANT RENTGROW, INC.'S MOTION TO DISMISS

Defendant RentGrow, Inc., d/b/a Yardi Resident Screening ("Defendant") by and through its counsel, Nixon Peabody LLP, hereby moves to dismiss the Complaint, with prejudice, for failure to state a claim under Rule 12(b)(6). The grounds for this motion are set forth in Defendant's Memorandum of Law in Support of its Motion to Dismiss.

    Respectfully submitted,

    **NIXON PEABODY LLP**

    By:  CRT 2750
       Craig R. Tractenberg, Esq. (34636)
       1515 Market Street, Suite 1200r
       Philadelphia, PA  19102
       (215)  246-3525 (Telephone)

    *Attorneys for Defendants*

Dated:  September 2, 2014
Philadelphia, Pennsylvania

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------------- X
**JASON BROWN**                                              :
                                                             :
                Plaintiff,                :
                                                             :   14 Civ. 4618
      vs.                                               :
                                                             :
**TRANS UNION, LLC, d/b/a TRANS UNION**                       :
**BACKGROUND DATA SOLUTIONS and**                             :
**RENTRGROW, INC., d/b/a YARDI RESIDENT**                     :
**SCREENING,**                                                :
                                                             :
                Defendants.               :
------------------------------------------------------------- X

### DEFENDANT RENTGROW, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

### INTRODUCTION

      Plaintiff Jason Brown's Complaint fails to allege any facts showing that Defendant RentGrow, Inc., d/b/a Yardi Resident Screening ("Defendant") did anything wrong.  While the Complaint alleges that Defendant and defendant Trans Union LLC d/b/a Trans Union Background Data Solutions ("Trans Union") negligently and willfully violated Section 1681e(b) of the Fair Credit Reporting Act ("FCRA"), the Complaint fails to set forth any facts that would actually establish such violations.  More specifically, FCRA requires Plaintiff to show that Defendant failed "to follow reasonable procedures to assure maximum possible accuracy" in its reports.  Plaintiff makes no reference to any failures of procedures (indeed, the Complaint fails to mention procedures at all), alleges no facts showing that Defendant should have been aware of any problems with its reports, and contains no allegations of any complaints from Plaintiff regarding accuracy.  Moreover, completely absent are any factual allegations showing that Defendant's conduct was willful, malicious, or in reckless disregard of Defendant's obligations.

15118430.2

The Complaint only alleges the existence of one inaccuracy in a credit report, nothing more. This is not enough. Plaintiff's Complaint should be dismissed.

## PLAINTIFF'S ALLEGATIONS

Plaintiff's Complaint alleges that Defendant and defendant Trans Union violated FCRA by "willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b)." (Complaint ¶ 20). Section 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" in their reports. 15 U.S.C. § 1681e(b).

Plaintiff does not distinguish between the alleged conduct of Defendant and Trans Union in the complaint; in other words, Plaintiff does not allege that Defendant did some things, and Trans Union others. Plaintiff merely lumps defendants together indiscriminately. Regardless, Plaintiff's allegations are as follows:

- Defendants have been reporting derogatory statements about Plaintiff and Plaintiff's purported criminal history through inaccurate consumer reports that defendants have "disseminated and resold to various persons, both known and unknown";

- The inaccurate information includes but is not limited to a conviction for assault with intent to kill that does not relate to Plaintiff; and

- In February 2014, Plaintiff applied for and, allegedly as a result of this inaccurate information, was denied an apartment with "Bloomfield Apartments."

(Complaint ¶¶ 7-15). Plaintiff claims that, as a result, he has suffered "lost rental opportunities, harm to reputation, emotional distress, humiliation, and embarrassment." (Id. at ¶ 13). Plaintiff

alleges that defendants' conduct was "malicious, intentional, willful, reckless, and in grossly negligent disregard" of applicable laws. (Id. at ¶ 15). Plaintiff seeks actual, statutory, and punitive damages, along with costs and attorneys' fees. (Complaint, Prayer for Relief).

The Complaint contains nothing to indicate Defendant failed to follow reasonable procedures – indeed, Plaintiff's complaint fails to mention procedures at all. Also absent from the complaint is anything to indicate that Defendant had any reason to suspect problems with information on Plaintiff's credit report, such as multiple incidents, complaints from Plaintiff regarding inaccuracies, systemic problems with its procedures, and the like. No detail whatsoever is provided regarding Plaintiff's alleged damages. And Plaintiff provides no allegations supporting its claim that Defendant's conduct was willful, malicious, grossly reckless, or otherwise in bad faith.

## ARGUMENT

Plaintiff's Complaint fails to state a claim against Defendant, as it sets forth no factual allegations showing that Defendant did anything wrong. To set forth a FCRA violation, it is not enough to simply allege that inaccurate information appeared on a credit report. Instead, to support his negligent FCRA violation claim, Plaintiff must allege facts showing that "the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy." Cortez v. Trans Union LLC, 617 F.3d 688, 708 (3d Cir. 2010). To support his claim of a willful FCRA violation, Plaintiff must further allege facts showing that Defendant's action "is not only a violation under a reasonable reading of the statute's terms, but [also] ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 69 (2007).

Plaintiff alleges no such facts. As noted above, Plaintiff's complaint does not even mention procedures, let alone set forth facts showing that they were inadequate. Nor is there otherwise any allegation of facts that would suggest a problem with Defendant's procedures, such as the existence of multiple problems, numerous complaints from Plaintiff, or systemic problems with Defendant's products. There is only the simple allegation of a one-time inaccuracy, nothing more, with no reason to believe that the one-time inaccuracy denotes a broader problem with Defendant's procedures. And no facts whatsoever are set forth to suggest that Defendant engaged in any willful misconduct, or acted in reckless disregard of its responsibilities.

Plaintiff's broad and conclusory allegations that Defendants violated Section 1681e(b), of course, cannot save Plaintiff's complaint. See Complaint ¶ 20 ("Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b)."). While a court considering a Rule 12(b)(6) motion must accept as true all well-pleaded allegations, bare assertions and legal conclusions are not enough. As the Supreme Court has instructed:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [Fed. R. Civ. Proc.] 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a) (2).

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). See also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) ("[T]he factual and legal elements of a claim should be

R737368.1

separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.").

Here, Plaintiff offers only conclusory allegations that, at best, indicate a one-time inaccuracy in a credit report.  This is not enough to state a FCRA violation.  Plaintiff's Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Complaint be dismissed as to Defendant.

Dated: September 2, 2014
      Philadelphia, Pennsylvania        **NIXON PEABODY LLP**

By: <u>CRT 2750</u>_____
   Craig R. Tractenberg (34636)
   1515 Market Street, Suite 1200 Floor
   Philadelphia, PA 19102
   Tel.  (215) 246-3525

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
----------------------------------------------------------- X
JASON BROWN,                                                :
                                                            :
                Plaintiff,                                  :
                                                            :     14 Civ. 4618
        vs.                                                 :
                                                            :
TRANS UNION, LLC, d/b/a TRANS UNION                         :
BACKGROUND DATA SOLUTIONS and                               :
RENTRGROW, INC., d/b/a YARDI RESIDENT                       :
SCREENING,                                                  :
                                                            :
                Defendants.                                 :
----------------------------------------------------------- X
```

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of the Motion of Defendant RentGrow, Inc. d/b/a Yardi Resident Screening ("Defendant") to Dismiss the First Amended Complaint, it is hereby ORDERED that the Motion is GRANTED for failure to state a claim upon which relief can be granted against Defendant.

So Ordered:

_____
U.S. DISTRICT COURT

15118430.2

## CERTIFICATE OF SERVICE

I, Craig R. Tractenberg, Esquire, do hereby certify that on 2nd day of September 2014, I caused a true and correct copy of Defendant's Motion to Dismiss the Complaint to be served upon the following parties at the address listed below via U.S. First Class mail.

>Mark Mailman, Esquire
>Gregory Gorski, Esquire
>Land Title Building, 19th Floor
>100 South Broad Street
>Philadelphia, PA  19110
>*Attorney for Plaintiff*

>_CRT 2750_____
>Craig R. Tractenberg

R737368.1