UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

JASON BROWN,                                        CASE NO. 2:14-cv-04618-CDJ
    Plaintiff,

vs.

TRANS UNION, LLC d/b/a TRANS
UNION BACKGROUND DATA
SOLUTIONS and RENTGROW, INC.
d/b/a YARDI RESIDENT SCREENING,
    Defendants.

---

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

---

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq., as amended.*

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**THE PARTIES**

2. Plaintiff Jason Brown is an adult individual who resides is Dayton, OH.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

3.       Defendant, Trans Union, LLC d/b/a Trans Union Background Data Solutions (hereafter "Trans Union"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.       Defendant RentGrow, Inc. d/b/a Yardi Resident Screening (hereafter "RentGrow") is a consumer reporting agency doing business in the Eastern District of Pennsylvania, with its headquarters located at 307 Waverly Oaks Road, Suite 301, Waltham, MA 02452.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## JURISDICTION AND VENUE

5.       Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.       Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL ALLEGATIONS

7. Defendants have been reporting derogatory and inaccurate statements about Plaintiff and Plaintiff's purported criminal history to third parties ("inaccurate information").

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

8. The inaccurate information includes, but is not limited to criminal conviction for assault w/intent to kill from the state of South Carolina which is not a conviction against Plaintiff, but instead against another person whom Plaintiff does not know and is of no relation to Plaintiff.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

9. Defendants, however, have been inaccurately reporting these charges on Plaintiff's consumer report.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

10. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

11. Specifically, in or around February 2014, Plaintiff applied for and was denied an apartment with Bloomfield Apartments.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12. The basis for this denial was the inaccurate information that appears on Plaintiff's consumer report prepared by Defendants, which was a substantial factor for the denial.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

13. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of form of lost rental opportunities, harm to reputation, emotional distress, humiliation and embarrassment.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

14. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

15. At all times pertinent hereto, the conduct of Defendants, as well as that of its [sic] agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT I – ALL DEFENDANTS**
**VIOLATIONS OF THE FCRA**

16. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

17. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**ANSWER**: Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

18. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

19. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

20. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

21. The conduct of Defendants were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full

amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## JURY TRIAL DEMAND

22.     Plaintiff demands trial by jury on all issues so triable.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages; [sic]

(d)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

[sic]

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of

applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date:  September 8, 2014                                    Respectfully submitted,

/s/ Casey Green
Casey B. Green, Esq.
Sidkoff, Pincus & Green, P.C.
2700 Aramark Tower
1101 Market Street
Philadelphia, PA  19107
Telephone:  (215) 574-0600
Fax:  (215) 574-0310
E-Mail:  cg@sidkoffpincusgreen.com

*Counsel for Defendant, Trans Union, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **8th day of September, 2014**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Mark D. Mailman, Esq.<br>mmailman@consumerlawfirm.com | Gregory J. Gorski, Esq.<br>ggorski@consumerlawfirm.com |
|---|---|
| Craig R. Tractenberg, Esq.<br>ctractenberg@nixonpeabody.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **8th day of September, 2014**, properly addressed as follows:

| None | |
|---|---|

        */s/* Casey Green
        Casey B. Green, Esq.
        Sidkoff, Pincus & Green, P.C.
        2700 Aramark Tower
        1101 Market Street
        Philadelphia, PA  19107
        Telephone:  (215) 574-0600
        Fax:  (215) 574-0310
        E-Mail:  cg@sidkoffpincusgreen.com

        *Counsel for Defendant, Trans Union, LLC*